J-S57031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN MAURICE JONES | |
| Appellant | No. 346 EDA 2014 |

Appeal from the PCRA Order entered January 15, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0004980-2008

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 05, 2014**

Appellant, Jonathan Maurice Jones, appeals *pro se* from the January 15, 2014 order dismissing as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

This is the second time Appellant's PCRA challenge has come before this Court.  The panel that addressed Appellant's case previously explained:

> On December 9, 2009, Appellant, represented by court-appointed counsel, entered an open guilty plea to criminal attempt—criminal homicide.  *See* 18 Pa.C.S. §§ 901, 2501.  On January 29, 2010, Appellant was sentenced to fifteen to thirty years' incarceration.  On March 4, 2010, Appellant filed a counseled "Motion for Modification of Sentence Nunc Pro Tunc."  On March 23, 2010, the trial court denied Appellant's motion.  On March 31, 2010, Appellant filed a counseled "Motion to Withdraw Guilty Plea," followed by a memorandum of law in support of same, filed on May 13, 2010.  The trial court denied Appellant's motion to withdraw his plea on June 9, 2010.  On

July 17, 2012, Appellant filed a *pro se* "Nunc Pro Tunc Petition to Regain Appellate's [*sic*] Rights Back." On July 24, 2012, the trial court denied Appellant's petition.

On August 17, 2012, Appellant filed the instant, timely *pro se* appeal. On September 7, 2012, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 21, 2012. Therein, Appellant did not challenge the trial court's dismissal on its own terms, but focused upon the court's actions associated with the entry of Appellant's guilty plea and the sentencing associated therewith.

On October 10, 2012, the trial court filed its brief Rule 1925(a) opinion. Therein, the court indicated that "the appeal should be dismissed as either untimely or because no reasonable explanation has been proffered for failing to timely appeal." Trial Court Opinion, 10/10/2012, at 1. The court then proceeded summarily to reject each of the issues Appellant raised in his Rule 1925(b) statement. The trial court did not specify the nature of the untimeliness it found, nor did it indicate whether it was evaluating the petition under the PCRA or otherwise.

**Commonwealth v. Jones**, 2441 EDA 2012, unpublished memorandum at 1-3 (Pa. Super. filed August 27, 2013).

As part of its August 27, 2013 ruling, this Court vacated the July 24, 2012 order denying Appellant's petition, finding that the trial court should have resolved it as a PCRA petition. The case was remanded for further proceedings as a first PCRA petition, including directives to appoint counsel and to provide notice of intent to dismiss, in the event dismissal without an evidentiary hearing might be appropriate. **Id.** at 3-6.

PCRA counsel was appointed on September 6, 2013. On October 31, 2013, PCRA counsel filed a petition to withdraw, explaining that his review of the record and his legal research led to the conclusion that Appellant's PCRA

petition was untimely filed and failed to raise any valid issues of merit for a claim of ineffective assistance of counsel. Petition to Withdraw as PCRA Counsel, 10/31/13, at 1. Counsel informed Appellant of his conclusions by letter of the same date and also notified Appellant of his intention to seek leave to withdraw. *Id.* at 2 and Exhibit B. Counsel advised Appellant of his right to pursue his claim *pro se* or by hiring private counsel. *Id.* Counsel also noted that his letter was intended to comply with the dictates of ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *Id.*

On November 19, 2013, following its own independent review of the record, the PCRA court issued its Notice of Intent to Dismiss Appellant's PCRA petition without a hearing, finding "that there are no genuine issues concerning any material fact, and that [Appellant] is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings." Notice of Intention to Dismiss PCRA Petition, 11/19/13, at 1. The PCRA court advised Appellant that he could respond to the notice within 20 days. "If [Appellant] has not responded, a subsequent Order will be entered permitting [PCRA counsel] to withdraw and dismissing [Appellant's] PCRA Petition. The subsequent Order shall be a final appealable Order disposing of [Appellant's] PCRA Petition." *Id.* at 1-2. Further, "[if Appellant] responds to this Notice, the [c]ourt will: either dismiss [Appellant's] PCRA petition; direct, if warranted, that Court

Appointed Counsel review [Appellant's] response; or, if warranted, direct that further proceedings be held." *Id.* at 2.

On January 15, 2014, the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw. PCRA Court Order, 1/15/14, at 1. In a footnote to its order, the PCRA court explained:

> [Appellant] sought to reinstate his appellate rights via a Petition filed on July 17, 2012. We denied that petition as untimely. [Appellant] filed an appeal. On August 23, 2013, the Superior Court remanded and ordered that the July 2012 petition be viewed as a PCRA. Accordingly, we appointed counsel to review the record and proceed accordingly. On October 31, 2013, court appointed counsel [] filed a Petition to Withdraw as Counsel as well as a *Finley* letter to [Appellant] indicating that his PCRA petition was untimely filed and had no merit. Upon independent review of the record, we issued a Notice of Intent to Dismiss [Appellant's] PCRA petition on November 19, 2013. No response was received from [Appellant]. Upon further review of the record, counsel's petition and *Finley* letter, we find the Petition was untimely. We further find none of the enumerated exceptions that would allow for an untimely filing pursuant to 42 Pa.C.S.A. [§] 9545(b) apply to [Appellant's] case. Accordingly, we dismiss the PCRA petition.

PCRA Court Order, 1/15/14 at 2, n.1.

Although the PCRA court indicated Appellant did not respond to the November 19 Notice of Intent to Dismiss, our review of the record reveals that Appellant filed a "Motion for Removal of Counsel" on December 2, 2013. Within the four-page, single-spaced motion, Appellant requested an evidentiary hearing "to Future [*sic*] develop and expand the records on issues that should have been raised [by] PCRA Counsel" and suggests that he has presented "an illegal, unwaiveable [*sic*] sentencing argument to

excuse timeliness." Motion for Removal of Counsel, 12/2/13 at 1-2. Appellant claimed PCRA counsel's closer look at Appellant's case would have revealed that Appellant's plea was not knowingly entered, and established that Appellant would have proceeded to trial if he had known 12 years was not the sentence cap. *Id.* at 2. Appellant then presented reasons why his guilty plea should be "vacated." *Id.* at 3. Nowhere in the motion did Appellant address the PCRA time bar or any exception that might save his untimely petition.

The docket reflects that the "Motion for Removal of Counsel" was forwarded to the PCRA court. Regardless of the reason for the PCRA court's failure to address the motion, our reading of Appellant's motion leads us to conclude that the PCRA court would have dismissed Appellant's PCRA petition in any event, in light of Appellant's failure to raise any exception to the PCRA's jurisdictional time bar, or any indication that a legitimate purpose would be served by further proceedings. Therefore, we will proceed to address the appeal from the January 15, 2014 order.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. Super. 2007)).

Appellant timely filed his *pro se* appeal from the January 15, 2014 order. The PCRA court directed Appellant to file a statement of errors

- 5 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant complied in a *pro se* statement that we set forth verbatim:

1. Sixth Amendment Violation ineffective assistance of counsel: Failure to honor this sworn duty and professional course of action of the court: failing to file proper withdrawal timely when directed by client. Records show and prove allegation.

2. The Court Abused it's discretion, by not giving the Defendant a evidentrary Hearing; on post trial motions/direct appeal proceedings Collateral review; to expand the record: Even after the Superior court remanded the nunc pro tunc petition back to the lower court, as PCRA regaining ones right' back.

3. The Court error in not excepting the withdrawal of said plea agreement records clearly show that the request and motion were filed, or recognizing, The Exceptional reason to be applied in a said PCRA Petition which would excuse untimely filing, reinforced with due diligence[.]

Appellant's Concise Statement of Error Complained on Appeal [*sic*], 3/20/14, at 1.

The PCRA court issued a Rule 1925(a) opinion in response to Appellant's statement. PCRA Court Opinion, 5/19/14. The PCRA court found Appellant's first claim waived as incomprehensible and lacking reference to the record for support. The PCRA court also classified Appellant's second claim as incomprehensible, but noted:

Upon remand, [Appellant] was given counsel who reviewed all the pleadings and [Appellant's] stated ground for relief, *i.e.*, he thought his sentence was capped at a 12-year minimum, whereas I imposed a 15-year minimum. [Appellant] was told at the time of his "open guilty plea" that I would NOT be bound by the Commonwealth's sentencing recommendation. After being so advised, [Appellant] completed the colloquy and entered an open guilty plea.

[PCRA counsel] did not request an evidentiary hearing as the record included my Opinion of June 8, 2010, wherein I addressed [Appellant's] claim of innocence. [Appellant] would have been hard-pressed to credibly come up with a factual basis to support his claim of innocence now, when he could not do so shortly after being sentenced.

Finally, [Appellant] fails to assert how I allegedly abused my discretion regarding an evidentiary hearing that was not requested.

PCRA Court Opinion, 5/19/14, at 1-2. Addressing Appellant's third alleged error, the PCRA court acknowledged that Appellant sought to withdraw his plea post-sentence. *Id.* at 2. The court explained that the "issue was resolved by my Opinion of June 8, 2010, which was not appealed. As [Appellant] has failed to plead that he was improperly prevented from filing such an appeal and/or that counsel was ineffective for failing to do so, it affords him no relief from an untimely filing." *Id.*

Appellant filed a *pro se* brief with this Court that fails to comply with essentially every aspect of the rules governing appellate briefs. Although Appellant included a statement of jurisdiction as required by Pa.R.A.P. 2111(a)(1), and attached the order appealed from as an exhibit, he failed to provide a statement of the scope and standard of review (Pa.R.A.P. 2111(a)(3)) or a statement of questions involved (Pa.R.A.P. 2111(a)(4)). Appellant also failed to provide a statement of the case (Pa.R.A.P. 2111(a)(5)), although he did include a page titled, "History." In addition, Appellant did not include a short conclusion stating the precise relief sought (Pa.R.A.P. 2111(a)(9)), or a copy of his Rule 1925(b) statement of errors

complained of on appeal (Pa.R.A.P. 2111(a)(11)).  Finally, Appellant did not provide either a Table of Contents or a Table of Citations as directed by Pa.R.A.P. 2174.

Pa.R.A.P. 2101 requires conformance to the rules governing briefs and authorizes dismissal of an appeal for failure to comply.  In **Commonwealth v. Adams**, 882 A.2d 496 (Pa. Super. 2005), this Court stated:

> Preliminarily, we note appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Id.** at 497-98 (citations omitted).  Just as in **Adams**, Appellant's brief falls short of the standards and requirements for appellate briefs and, on that basis, we could quash or dismiss his appeal for failure to conform to the requirements of the Rules of Appellate Procedure.  However, because we can decide this appeal on the issue of timeliness under the PCRA, we shall do so despite the deficiencies of Appellant's brief.

In accordance with Pa.C.S.A. §9545(b):

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b).

In **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), this Court recently reiterated:

The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims. Statutory time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

**Id.** at 241 (internal quotations and citations omitted). Further, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Id.** at 242 (internal quotations and citations omitted).

The PCRA court noted that Appellant did not file an appeal from its June 9, 2010 order disposing of Appellant's post-sentence motions. The

record confirms this statement. Therefore, Appellant's judgment of sentence became final no later than July 9, 2010.[1] Under § 9545(b), Appellant had one year from the date the judgment of sentence became final, *i.e.*, until July 9, 2011, to pursue collateral relief under the PCRA. Because Appellant did not file a petition until July 17, 2012, a year after his deadline for doing so, Appellant's petition was facially untimely.

In order to survive the PCRA's time bar, Appellant was required to plead and prove one of the enumerated exceptions provided in § 9545(b). Appellant failed to do so. His original pleading, which this Court deemed his first PCRA petition, did not raise any recognized exception that could save his petition from the PCRA's time bar. In the petition, Appellant stated:

> June 5, 2010, Motion to Withdraw Plea proceeding were Denied. Under Said New Federal Ruling of Ineffectiveness of Counsel, Martinez Vs. Ryan, Petitioner ask The Said Courts to Reconfirm His Appellate's rights back, In Said Humanity of Fairness, Justice and Law.

Appellant's Nunc Pro Tunc Petition, 7/17/12, at 1. Appellant then added, "To procure His Liberty, and freedom, Said Petition Hopes for an Evidentiary Hearing to be granted to place on Official Record, Reasons and Statements, pertaining to The Plea, and the exspanding [*sic*] of time." *Id.* at 2.

_____

[1] "[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided." **Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) (citation omitted).

Although Appellant did not provide a citation to the case mentioned in his petition, it appears he is referring to **Martinez v. Ryan**, ___ U.S. ___, 132 S. Ct. 1309 (2012). In **Commonwealth v. Saunders**, 60 A.3d 162 (Pa. Super. 2013), this Court explained:

> **Martinez** recognizes that for purposes of federal habeas corpus relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." **Martinez, supra** at 1315. While **Martinez** represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.

**Id.** at 165. In **Saunders**, this Court affirmed the dismissal of the appellant's PCRA petition, finding "the trial court correctly held that Saunders failed to establish any of the exceptions to the PCRA's requirement that all petitions be filed within one year of the date a petitioner's judgment of sentence became final." **Id.** To the extent Appellant's petition could be read to claim a timeliness exception based on **Martinez**, no such exception is available. **See Saunders**, **supra**.[2]

---

[2] In his brief, Appellant also mentioned **Martinez** in his Statement of Jurisdiction, which we set forth verbatim in its entirety:

> Jurisdiction is conferred upon this Honorable Court by virtue of the Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1977, 42 Pa.C.S.A. Section 742

*(Footnote Continued Next Page)*

Even though Appellant's brief cannot serve as a substitute for his PCRA petition, we note that the closest thing to a PCRA timeliness exception raised in his brief is an unsupported statement suggesting that "it just recently came to my knowledge that [trial counsel] never file[d] any appeal to the next higher Court Superior." Appellant's Brief at 6.[3] Even if Appellant properly pled and proved this statement, this Court has stated that ignorance of a failure to file an appeal will not save an untimely PCRA petition. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa. Super. 2000). In ***Carr***, the appellant asserted that his petition met the PCRA's timeliness requirements because he had only recently discovered that his trial counsel did not file a direct appeal. This Court stated:

> Trial counsel's failure to file a direct appeal was discoverable during Appellant's one-year window to file a timely PCRA petition. In fact, the expiration of Appellant's time to file a direct appeal initiated the PCRA's one-year clock. Thus, Appellant had a full year to learn if a direct appeal had been filed on his behalf.

*(Footnote Continued)* —————————

> Upon realization to this situation Petitioner filed a NUNC PRO TUNC Petition, to have his appeal rights reinstated; caused by his ATTORNEY'S said action violating his Sixth Amendment Constitutional Right of effective assistance of Counsel, Mandatory in Direct Appeal Status;, First PCRA; Verified by Martinez V. Ryan, Ruling of March 3,

Appellant's Brief at 1. (We note that the pages in Appellant's brief are not numbered but the Statement of Jurisdiction appears on the first page following the cover of the brief. Other references to page numbers in the brief were determined by counting the pages.)

[3] The quoted passage appears on the sixth page of text in the brief, on a page titled "Summary Argument."

> A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests. The mere fact that Appellant alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's petition for relief.

*Id.* at 1168 (internal citations and footnotes omitted). Just as in *Carr*, Appellant's belated discovery of trial counsel's failure to file a direct appeal could not save his petition from the PCRA's timeliness requirements. Appellant has provided no basis for relief.

Again, as noted above, when we review the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Fears*, 86 A.3d at 803 (quoting *Rainey*, 928 A.2d 215, 223 (Pa. Super. 2007)). We find that the PCRA court's determination here is supported by the record and free of legal error. Appellant's PCRA petition was untimely filed and Appellant failed to plead and prove any exception to save it from the PCRA time bar.

Order affirmed.[4]

---

[4] In the event Appellant believed this Court's remand for consideration of his petition as a first PCRA petition relieved him from satisfying the PCRA timeliness requirements, Appellant is mistaken. If the petition is untimely, this Court has no jurisdiction over it. *Seskey*, 86 A.3d at 241. "Statutory time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute provides. This Court does not have authority to waive the PCRA time limitations." *Id.*

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014