J-S55042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER YOUNG | |
| Appellant | No. 615 EDA 2014 |

Appeal from the PCRA Order January 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0503112-1999

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 22, 2015**

Christopher Young appeals, *pro se*, from the order entered January 24, 2014, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Young seeks relief from the judgment of sentence of an aggregate term of life imprisonment, imposed after his jury conviction of first degree murder, attempted murder (two counts), criminal conspiracy, and possessing an instrument of crime (PIC).[1] On appeal, Young contends the PCRA court erred in dismissing his PCRA petition based on the following:  (1) he demonstrated a claim of actual innocence based upon an erroneous jury charge, (2) his sentence of life

_____

[1] 18 Pa.C.S. §§ 2502, 901, 903, and 907, respectively.

imprisonment without the possibility of parole violated both the constitutional right of equal protection and the prohibition against cruel and unusual punishment, and (3) he is entitled to a new trial with a "life-qualified" jury. Because we agree with the conclusion of the PCRA court that Young's petition was untimely filed, we affirm.

The facts underlying Young's arrest and conviction were summarized by this Court in a prior PCRA appeal as follows:

> On December 12, 1998, Christopher Young, Dameon Ellis, and another unidentified man, clad in dark hooded sweatshirts and armed with semiautomatic weapons and a sawed-off shotgun, approached the corner of Park and Pike Streets in Philadelphia. A few days earlier, Young had encountered an old friend, Michael Brown, on the street. Brown informed Young that he recently had been winning money gambling on the corner of Park and Pike Streets. On the night in question, Young and his cohorts went to Park and Pike streets to rob Brown. The three men approached the group of street gamblers and asked Brown to take a walk to a darker area of the street. When Brown refused, Ellis pulled a gun. Brown then pushed Young, turned to run away, and was shot in the right buttocks. Another of the gamblers, Kasimir Devine, was shot in the chest and a third gambler, Shawn Pitts, was killed.

*Commonwealth v. Young*, 932 A.2d 266 [1557 EDA 2006], unpublished memorandum at 2 (Pa. Super. 2007) (record citations omitted).

Young was charged with first-degree murder, attempted murder (two counts), criminal conspiracy and possessing an instrument of crime. On November 13, 2000, a jury returned a verdict of guilty on all charges, and, following a penalty hearing, returned a sentence of life imprisonment. The

trial court formally imposed sentence on January 24, 2001. In addition to the term of life imprisonment for first degree murder, the court imposed a consecutive term of 10 to 20 years' imprisonment for conspiracy, concurrent terms of 10 to 20 years' imprisonment for each attempted murder charge, and a concurrent term of one to two years' imprisonment for PIC. The judgment of sentence was affirmed by this Court on February 15, 2002, and, following the grant of allocator review, affirmed by the Pennsylvania Supreme Court on May 27, 2004. **Commonwealth v. Young**, 797 A.2d 1027 (Pa. Super. 2002), *aff'd*, 849 A.2d 1152 (Pa. 2004).

On March 7, 2005, Young filed a *pro se* PCRA petition. Counsel was subsequently appointed and filed two amended petitions raising numerous allegations of the ineffective assistance of trial counsel. On May 1, 2006, the trial court dismissed the petition without first conducting an evidentiary hearing. This Court affirmed the order on appeal, and the Supreme Court denied Young's petition for allocator review. **Commonwealth v. Young**, 932 A.2d 266 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 934 A.2d 1277 (Pa. 2007). [2]

_____

[2] In that appeal, Young challenged trial and direct appeal counsel's ineffectiveness for failing to raise claims regarding the sufficiency and weight of the evidence. **Id.**, unpublished memorandum at 1.

On April 26, 2012, Young filed a second, *pro se* PCRA petition, asserting he was entitled to relief based upon an erroneous jury charge, and his actual innocence. Recognizing the potential timeliness issue, Young also asserted that pursuant to the recent decision of the United States Supreme Court in **Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309 (2012), he was denied his right to effective counsel in his first PCRA petition. On June 7, 2012, the PCRA court sent Young notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition without first conducting an evidentiary hearing. Thereafter, on June 20, 2012, Young filed a *pro se* response to the court's Rule 907 notice, and on August 23, 2012, a supplemental PCRA petition. In the supplemental petition, Young, relying on **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455 (2012), argued his sentence of life imprisonment without parole violated both the equal protection clause and the prohibition against cruel and unusual punishment. On January 24, 2014, the PCRA court entered an order dismissing Young's initial and supplemental petitions as untimely filed. This timely appeal followed.[3]

In his first issue, Young contends he is entitled to PCRA relief because of an erroneous jury charge. Specifically, he asserts the trial court "imputed

---

[3] The PCRA court did not direct Young to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

to [him] the murderer's intent to kill through criminal conspiracy thereby relieving the Commonwealth of [its] burden of proof that [Young] possessed the specific intent to kill[.]"[4]  Young's Brief at 9-10.  Further, Young claims:

> This case is highly unusual in that it is undisputed that [Young] is actually innocent of the crimes for which he was convicted, namely first-degree murder where the main ingredient to establish a first degree murder conviction was erroneously imputed to [Young] though the trial court's unconstitutional first degree murder jury instruction.

**Id.** at 12.[5]  Acknowledging his claim is potentially time-barred, Young argues his "actual innocence claim falls within the ambit" of the newly recognized constitutional right exception to the PCRA's timing requirements. **Id.** at 13.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error.  **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010).  "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have

---

[4] Young does not provide a citation to the purported erroneous charge, nor does he recite the specific charge in his brief.  Moreover, the notes of testimony from Young's jury trial are not included in the certified record.

[5] We note that neither the Commonwealth nor the PCRA court has conceded that Young is "actually innocent" of the crimes on appeal.

no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

In the present case, the PCRA court determined that Young's petition was untimely filed. The PCRA mandates that any petition for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, **regardless of the nature of the individual claims raised therein**.

***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted and emphasis supplied).

Young's judgment of sentence became final on August 25, 2004, ninety days after the Pennsylvania Supreme Court affirmed the conviction on direct appeal, and Young failed to petition the United States Supreme Court for review. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. R. 13.1. Accordingly, Young had until August 25, 2005, to file a timely PCRA petition.[6] The present petition, filed nearly seven years later on April 26, 2012, is patently untimely.

---

[6] We note Young did file a timely PCRA petition on March 7, 2005.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner can plead and prove that, *inter alia*,

> the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii). Further, any petition invoking this exception must be filed "within 60 days of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

While Young contends his "actual innocence claims falls within the ambit of the PCRA's subsection 9545(b)(iii)" exception, he fails to set forth in his brief the "newly recognized constitutional right" that applies to the facts of his case, nor does he demonstrate that his petition was filed within the requisite 60-day time period. Young's Brief at 13. Indeed, even a claim of "actual innocence" does not entitle a petitioner to relief if it was not raised in a **timely filed** PCRA petition. As the Supreme Court has explained:

> [T]he "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

*Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (citation omitted),

*cert. denied*, 2014 WL 2881005 (U.S. Dec. 1, 2014).  Accordingly, no relief

is warranted on Young's first claim.[7]

Next, Young contends his sentence of life imprisonment without the

possibility of parole violates both the equal protection clause and the

prohibition against cruel and unusual punishment in light of the United

_____

[7] We note that in his PCRA petition, Young relied upon the United States
Supreme Court's decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct.
1309 (2012), to overcome the time bar.  He asserted that the *Martinez*
decision, filed less than 60 days before the present PCRA petition, permitted
him to challenge the ineffectiveness of prior PCRA counsel for failing to argue
trial counsel's ineffectiveness in not objecting to the alleged erroneous jury
charge.  *See* Petition for Post Conviction Relief, 4/26/2012, at 4.

This Court, however, rejected a similar claim in *Commonwealth v.
Saunders*, 60 A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa.
2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 944 (U.S. 2014), in which we
held:

> *Martinez* recognizes that **for purposes of federal habeas
> corpus relief**, "[i]nadequate assistance of counsel at initial-
> review collateral proceedings may establish cause for a
> prisoner's procedural default of a claim of ineffective assistance
> of trial counsel."  *Martinez*, *supra* at 1315.  While *Martinez*
> represents a significant development in federal habeas corpus
> law, it is of no moment with respect to the way Pennsylvania
> courts apply the plain language of the time bar set forth in
> section 9545(b)(1) of the PCRA

*Id.* at 165 (emphasis supplied).  Accordingly, Young was not entitled to
relief under *Martinez*, had he properly raised the claim in his appellate
brief.

States Supreme Court's decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (U.S. 2012).[8]

In *Miller*, the Supreme Court held that "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460 (emphasis supplied). Although the Court made clear that it was not foreclosing a trial court's ability to impose a life sentence upon a juvenile convicted of murder, it imposed a requirement upon the trial court to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469. Therefore, it was the mandatory sentencing scheme that the Supreme Court deemed unconstitutional when applied to juveniles, holding that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 2475.

_____

[8] The Commonwealth contends this issue is waived since it was not included in Young's original or amended PCRA petition. We disagree. In his amended petition, Young argued that he was entitled to relief under *Miller*, and checked the box indicating that his petition was subject to the newly recognized constitutional right exception to the timeliness requirements. *See* Petition for Post Conviction Relief, 8/23/2012, at 2, 3. Moreover, we note that Young filed the supplemental petition less than 60 days after the *Miller* decision was filed on June 25, 2012. *See* 42 Pa.C.S. § 9545(b)(3).

Preliminarily, we note the Pennsylvania Supreme Court has held that the **Miller** decision does not apply retroactively to benefit offenders seeking collateral review because it "'does not categorically bar a penalty for a class of offenders.'" **Commonwealth v. Cunningham**, 81 A.3d. 1, 10 (Pa. 2013) (quotation omitted), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014).[9] Therefore, Young's collateral claim does not satisfy the "newly recognized constitutional right" exception to the PCRA timing requirements. **See** 42 Pa.C.S. § 9545(b)(1)(iii) (providing exception to the timing requirements when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**") (emphasis supplied).

Moreover, Young concedes he was 20 years old at the time he committed the murders. Because the **Miller** Court specifically limited its decision to juvenile offenders, it simply does not apply to the facts of Young's case. **See Miller**, **supra**, 132 S.Ct. at 2469 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life

---

[9] We note that Young states in his brief, without any citation, that a case involving the retroactivity of the **Miller** decision is "presently pending in the United States Supreme Court." Young's Brief at 16. We decline his request to hold this appeal "in abayance" (sic) until the Supreme Court issues an opinion in that decision. **See** Young's Brief at 16.

in prison without possibility of parole **for juvenile offenders**.") (emphasis supplied); **Commonwealth v. Lawson**, 90 A.3d 1, 6 (Pa. Super. 2014) (holding **Miller** decision inapplicable to appellant's case when appellant was thirty-three years old at the time he committed murder).

Young's attempt to circumvent this obstacle to relief by invoking the Equal Protection Clause is similarly meritless. Young contends that Pennsylvania "draw[s] no distinction between juvenile and adult individuals" for purposes of a first-degree murder conviction and sentence of life imprisonment. Young's Brief at 14. Therefore, because the offenders comprise a single class, Young argues "[u]nder the [E]qual [P]rotection doctrine, adults are no less entitled to special considerations than their juvenile counterparts, particularly where age is not a statutory factor." **Id.**

This Court rejected a similar claim in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). In that case, the co-defendants, who were 19 and 21 years old at the time they committed second degree murder, invoked the **Miller** decision in an attempt to overcome their untimely filed PCRA petitions. Although they recognized that they were not under the age of 18 at the time they committed the crime, they argued that the holding of **Miller** was applicable pursuant to the Equal Protection Clause. This Court disagreed:

> Appellants … contend that because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory

life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. However, we need not reach the merits of Appellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii).

*Id.* at 764 (citation omitted and emphasis in original). Accordingly, Young is similarly entitled to no relief.

Lastly, Young argues he is entitled to a new trial with a "life-qualified" jury pursuant to the decision in **Miller**. For the reasons recited above, we conclude the **Miller** decision is inapplicable to the facts of Young's case, and, in any event, the decision has not been held to apply retroactively. Accordingly, no relief is warranted.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015

- 12 -