J-S70032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDGAR RAMOS | |
| Appellant | No. 2384 EDA 2014 |

Appeal from the PCRA Order July 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0300031-1996

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:  **FILED NOVEMBER 06, 2015**

Edgar Ramos appeals *pro se* from the trial court's order dismissing, as untimely, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  Because the trial court did not have jurisdiction to entertain Ramos' petition, we affirm.

In 1997, Ramos was convicted of first-degree murder and related offenses and sentenced to life imprisonment.  Ramos filed unsuccessful post-trial motions and a direct appeal; our Court affirmed his judgment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

sentence. ***Commonwealth v. Ramos***, No. 3847 Philadelphia 1997 (filed Jan. 25, 1999) (Pa. Super. 1999). The Supreme Court of Pennsylvania denied Ramos' petition for allowance of appeal on April 21, 1999. On April 24, 2000, Ramos filed his first PCRA petition, *pro se*. Counsel was appointed and, subsequently, sought to withdraw after concluding that the petition was frivolous. On February 1, 2001, the trial court dismissed the petition as frivolous and permitted counsel's withdrawal pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). Ramos appealed that decision, raising thirteen issues; our Court affirmed the dismissal of his petition. ***Commonwealth v. Ramos***, 2247 EDA 2001 (filed September 17, 2002) (Pa. Super. 2002). Ramos filed a petition for allowance of appeal to our Supreme Court that was denied on December 18, 2002.

On May 16, 2012, Ramos filed the instant, his second, *pro se* PCRA petition. The trial court dismissed his petition as untimely on July 29, 2014. This appeal follows.

On appeal, Ramos presents the following issues for our consideration:

(1) Whether the court below erred for dismissing this second post conviction proceeding upon the bases it had no jurisdiction to entertain relief.

(2) Whether the court below erred for dismissing this second post conviction proceeding without addressing Appellant's claim and contentions involving the occurrence of a miscarriage of justice resulting in his conviction in this case.

It is well recognized that a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the

- 2 -

judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement; where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Ramos' judgment of sentence became final, for purposes of the PCRA, on July 21, 1999, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Thus, Ramos had until July 21, 2000, to file a PCRA petition. Therefore, the trial court correctly concluded that Ramos' petition is facially untimely. However, Ramos invokes the newly recognized constitutional right exception to the PCRA time bar, 42 Pa.C.S. § 9545(b)(1)(iii), to save his otherwise untimely petition. Specifically, he

claims that the United States Supreme Court decision, *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)[2] (filed March 20, 2012),[3] supports his ineffectiveness claim against PCRA counsel and vests the trial court with jurisdiction to decide his untimely petition.  We disagree.

In *Commonwealth v. Saunders*, 60 A.3d 162 (Pa. Super. 2013), our Court held that "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in *section 9545(b)(1) of the PCRA*."  *Id.* at 165 (emphasis in original). Therefore, because the *Martinez* ruling does not fit within an exception to the PCRA's time bar, the trial court properly dismissed Ramos' untimely petition.[4] *Johnston*, *supra*.

_____

[2] In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffectiveness assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas corpus* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320.

[3] Technically, Ramos complied with section 9545(b)(2) by filing his petition within 60 days of the filing date of the *Martinez* decision.

[4] To the extent that Ramos' *pro se* PCRA petition and amended PCRA petition raise additional ineffectiveness of counsel claims, we note that such claims do not fall within an exception to the PCRA time bar.  *See Commonwealth*
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

---

*(Footnote Continued)* _____

***v. Pursell***, 749 A.2d 911 (Pa. 2000) (claims of ineffective assistance of counsel do not automatically qualify pursuant to exceptions to one-year time limitation provided in sections 9545(b)(1)(i) - (iii) of PCRA). We also recognize that Ramos' claim that his sentence violates the Sixth and Eighth Amendments to the United States Constitution "as there was no authority authorized under the statute to repeal 18 Pa.[C.S.] Section 1102 of 1973," Appellant's Amended Petition under the Post Conviction Collateral Relief [Act], 1/08/13, at 11, does not save his untimely petition. ***See Commonwealth v. Taylor***, 933 A.2d 1035 (Pa. Super. 2007) (claims contending Pennsylvania courts lack statutory authority to sentence precluded from review in untimely PCRA petitions).