**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Gregory R. SAUNDERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 2013.

Filed Jan. 15, 2013.

Gregory R. Saunders, appellant, pro se.

John J. Whelan, District Attorney and Jay W. Hannon, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: BENDER, J., LAZARUS, J., and COLVILLE, J.*

OPINION BY LAZARUS, J.

Gregory R. Saunders appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing as untimely his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On August 17, 2004, a jury convicted Saunders of robbery, burglary, firearms not to be carried without a license, and criminal conspiracy based on his participation in a home invasion robbery in Chester. The trial court sentenced him to 19 to 38 years' incarceration on November 23, 2004. Saunders filed a timely notice of appeal on December 21, 2004, and following several intermediate steps irrelevant to the matter before us, this Court affirmed Saunders' judgment of sentence on June 20, 2008. *Commonwealth v. Saunders,* 959 A.2d 468 (Pa.Super.2008) (unpublished memorandum). Saunders did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Saunders filed a *pro se* PCRA petition on September 9, 2008, and counsel was appointed on October 20, 2008. On March 9, 2009, counsel filed a no-merit letter pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988). On March 12, 2009, the court issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. Saunders did not respond, and the court dismissed the petition on June 17, 2009. Saunders filed an appeal, which this Court

dismissed on March 17, 2010, due to Saunders' failure to file a brief.

On May 23, 2012, Saunders filed a second *pro se* PCRA petition alleging that his direct appeal counsel was ineffective for failing to raise the ineffectiveness of his trial counsel, and that his first PCRA counsel was ineffective for failing to raise his direct appeal counsel's ineffectiveness. The trial court determined that the petition was untimely, and on June 6, 2012, it issued a Rule 907 notice of intent to dismiss without a hearing. Saunders filed a response on June 29, 2012, and on July 5, 2012, the trial court dismissed the petition.

Saunders filed a timely notice of appeal, and on October 4, 2012, the trial court filed its opinion pursuant to Pa.R.A.P.1925(a).

On appeal, Saunders raises the following issue for our review:

Whether *Martinez v. Ryan,* [—— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) ] should supply an exception to 42 Pa.C.S. § 9545 to the extent of allowing state defendants to raise PCRA counsel's ineffectiveness from the initial PCRA proceedings for waiving claims that could have been raised in that first initial phase?

Brief of Appellant, at 5.

The PCRA requires that all petitions be filed within one year of the date the judgment of sentence became final unless the petitioner alleges and proves that the failure to raise a timely claim: (1) was the result of interference by government officials; (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by reasonable diligence; or (3) the right asserted is a constitutional right that has been recognized by the United States Su-

---

* Retired Senior Judge assigned to the Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

preme Court or the Supreme Court of Pennsylvania after the one-year time period, and has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1).

Saunders' sentence became final on July 20, 2008. Therefore, he had until July 20, 2009 to file a timely PCRA petition. However, he did not file the instant petition until May 23, 2012.

■ Saunders argues that the recent United States Supreme Court decision, *Martinez v. Ryan*, — U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), supports his claim that a petitioner is permitted to file a second PCRA petition within sixty days of discovering the ineffectiveness of his PCRA counsel.

In light of the importance of *Martinez* to Saunders' argument, we set forth the relevant facts and procedural history of that case.

An Arizona court sentenced Martinez to two consecutive terms of life imprisonment following his convictions on two counts of sexual conduct with a minor. The state appointed counsel to represent him on direct appeal. Arizona does not permit an appellant to raise claims of ineffective assistance of trial counsel on direct appeal. While the direct appeal was pending, Martinez's counsel began state collateral proceedings by filing a "Notice of Post–Conviction Relief." Despite initiating the proceeding, counsel later filed a statement asserting she could find no colorable claim.

The state trial court that heard the postconviction matter gave Martinez 45 days in which to file a *pro se* petition and to raise any claims counsel overlooked. Martinez did not respond, and the trial court dismissed the action. The Arizona Court of Appeals affirmed, and the Arizona Supreme Court denied review.

One and a half years later, while represented by new counsel, Martinez filed a second notice of post-conviction relief in state court claiming ineffective assistance of trial counsel. The court dismissed the petition because Martinez could have raised the claim in a previous collateral proceeding. The Arizona Court of Appeals affirmed, and the Arizona Supreme Court denied review.

Martinez then sought a writ of *habeas corpus* in the United States District Court for the District of Arizona, raising ineffective assistance of counsel claims. Martinez recognized that the state court denied relief based on a procedural rule, which under the doctrine of procedural default, would prohibit a federal court from reaching the merits of his claim.[2] However, he argued that he could overcome this barrier because his first postconviction counsel was ineffective for failing to raise any claims in the first notice of post-conviction relief and in failing to notify Martinez of her actions. The District Court denied relief, and the Court of Appeals for the Ninth Circuit affirmed. The United States Supreme Court granted *certiorari*, and held:

> These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.
> *Martinez v. Ryan*, — U.S. ——, ——, 132 S.Ct. 1309, 1316, 182 L.Ed.2d 272 (2012).

**2.** The United States Supreme Court has explained procedural default as follows:
> Federal *habeas* courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of the legal proceedings within our system of federalism.

[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas corpus* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding there was no counsel or counsel in that proceeding was ineffective.

*Martinez, supra* at 1320. Accordingly, the Supreme Court reversed the judgment of the Court of Appeals and remanded for further proceedings.

■ *Martinez* recognizes that for purposes of federal habeas corpus relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." *Martinez, supra* at 1315. While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.

Here, the trial court correctly held that Saunders failed to establish any of the exceptions to the PCRA's requirement that all petitions be filed within one year of the date a petitioner's judgment of sentence became final.

Order affirmed.