J-S58043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD JERRY | |
| Appellant | No. 742 WDA 2014 |

Appeal from the PCRA Order April 15, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000196-1977;
CP-04-CR-0000197-1977; CP-04-CR-0000317-1977

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 31, 2014**

Appellant, Bernard Jerry, appeals *pro se* from the order entered in the Beaver County Court of Common Pleas, denying as untimely his serial petition filed per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 16, 1977, a jury convicted Appellant of first-degree murder and related offenses.  The court sentenced Appellant on April 12, 1978, to life imprisonment, which our Supreme Court affirmed on March 10, 1982.  ***See Commonwealth v. Jerry***, 497 Pa. 422, 441 A.2d 1210 (1982).  On October 4, 1982, the United States Supreme Court denied Appellant's petition for *certiorari*.  Since then, Appellant has filed numerous and unsuccessful petitions for post-conviction relief.  On April 15, 2014, Appellant filed his current *pro se* PCRA petition, which the PCRA court denied

_____

*Retired Senior Judge assigned to the Superior Court.

as untimely the following day.[1]  Appellant timely filed a *pro se* notice of appeal and voluntary Rule 1925(b) statement on May 5, 2014.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy."  ***Id.*** at 359, 956 A.2d at 983.  Under the amended PCRA, effective 1/16/96, a PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could first have been

_____

[1] The record indicates the PCRA court did not give Appellant notice of its intent to dismiss the current PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907.  Appellant, however, has not challenged the absence of the Rule 907 notice on appeal, which constitutes waiver of that claim.  ***See Commonwealth v. Boyd***, 923 A.2d 513, 514 n. 1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  Moreover, even if raised, the issue does not automatically warrant remand where the petition is unquestionably untimely.  ***See Commonwealth v. Pursell***, 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000).  ***See also Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013) (stating same).

presented. 42 Pa.C.S.A. § 9545(b)(2). Section 9545(b)(1)(iii) requires the petitioner to assert a constitutional right that the United States Supreme Court or our Supreme Court has deemed to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant's judgment of sentence became final on October 4, 1982. Appellant filed his current PCRA petition on April 15, 2014, more than thirty-one (31) years after his judgment became final; thus, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to allege a new constitutional right under Section 9545(b)(1)(iii), citing *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).[2] Nevertheless, *Martinez* was filed on March 20, 2012, and Appellant filed his current petition more than 60 days later, on April 15, 2014. *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa.Super. 2012) (explaining 60-day period runs from date of filing of underlying judicial decision).

_____

[2] To the extent Appellant asserts ineffective assistance of all prior counsel, such generic claims do not qualify as exceptions to the statutory timeliness requirement. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000). Likewise, our Supreme Court's decision in *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) affords Appellant no relief. *See id.* (allowing abandonment by counsel on appeal to serve as exception to PCRA timeliness requirement per Section 9545(b)(1)(ii), under only very limited circumstance where counsel completely abandoned petitioner on appeal, abandonment was unknown to petitioner, and petitioner filed for relief within 60 days of learning of abandonment, assuming exercise of due diligence; distinguishing this precise factual scenario from *Gamboa-Taylor* and progeny).

Moreover, **Martinez** affords Appellant no relief. ***See Commonwealth v. Saunders***, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 72 A.3d 603 (2013) (explaining **Martinez** applies in context of federal *habeas corpus* law and is of no moment to timeliness analysis under PCRA). Therefore, Appellant's petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014