J-S70016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON O'NEILL | |
| Appellant | No. 597 EDA 2014 |

Appeal from the PCRA Order August 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903901-1996

BEFORE: LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 05, 2014**

Appellant, Jason O'Neill, appeals *pro se* from the August 19, 2013 order, dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On October 3, 2001, a jury found Appellant guilty of two counts of first-degree murder, aggravated assault, and recklessly endangering another person, as well as one count each of arson and criminal mischief.[1] On October 5, 2001, the trial court imposed an aggregate sentence of life imprisonment. This Court affirmed Appellant's judgment of sentence on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2702, 2705, 3301, and 3304, respectively.

June 9, 2003, and our Supreme Court denied his petition for allowance of appeal on February 27, 2004. **Commonwealth v. O'Neill**, 830 A.2d 1050 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 845 A.2d 817 (Pa. 2004). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. As a result, his judgment of sentence became final on May 27, 2004, when the filing period for such a petition expired. **See generally** 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13(1). Thereafter, Appellant filed an unsuccessful PCRA petition in 2004. On June 21, 2010, Appellant filed the instant PCRA petition. On August 19, 2013, the PCRA court dismissed the petition as untimely. On September 11, 2013, Appellant filed a timely notice of appeal.

As noted above, Appellant did not file the instant PCRA petition until June 21, 2010. Therefore, it was patently untimely because it was not filed within one year of his judgment of sentence becoming final. **See** 42 Pa.C.S.A. § 9545(b)(1). Furthermore, Appellant's brief does not allege that any of the three exceptions to the PCRA time-bar applies. **See Commonwealth v. Taylor**, 933 A.2d 1035, 1039 (Pa. Super. 2007) (stating, "[t]he PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception[]") (citation omitted), *appeal denied*, 951 A.2d 1163 (Pa. 2008). We note Appellant's brief cites to the United States Supreme Court's decision in **Martinez v. Ryan**, 132 S. Ct. 1309 (2012).

Appellant's Brief at 2, 7. To the extent this could be construed as seeking a time-bar exception, this Court has held that **Martinez** does not create such an exception. **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, **Saunders v. Pennsylvania**, 134 S. Ct. 944 (2014).

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's third PCRA petition as untimely. Accordingly, the PCRA court's August 19, 2013 order is affirmed.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a concurring statement.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/5/2014</u>