J-S70023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE KIRNON | |
| Appellant | No. 1028 EDA 2014 |

Appeal from the PCRA Order March 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0503741-2001

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 12, 2014**

Appellant, Jamie Kirnon, appeals *pro se* from the March 5, 2014 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On November 4, 2003, a jury found Appellant guilty of first-degree murder, aggravated assault, criminal conspiracy, carrying firearms in public in Philadelphia, and possession of an instrument of a crime.[1]  On November 5, 2003, the trial court imposed a sentence of life imprisonment without parole for first-degree murder.  On December 22, 2003, the trial court imposed an aggregate sentence of 114 to 228 months' imprisonment for the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502, 2702, 903, 6108, and 907, respectively.

remaining charges, to run consecutive to his life sentence. This Court affirmed Appellant's judgment of sentence on January 13, 2005. *Commonwealth v. Kirnon*, 872 A.2d 1272 (Pa. Super. 2005) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. As a result, his judgment of sentence became final on February 14, 2005, when the filing period for such a petition expired.[2] *See generally* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thereafter, Appellant filed an unsuccessful PCRA petition in 2006. Appellant filed the instant petition on June 2, 2011. On March 5, 2014, the PCRA court dismissed Appellant's PCRA petition. On April 2, 2014, Appellant filed a timely notice of appeal.

As noted above, Appellant did not file the instant PCRA petition until June 2, 2011. Therefore, it was patently untimely because it was not filed within one year of his judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1). Furthermore, Appellant's brief does not allege that any of the three exceptions to the PCRA time-bar applies. *See Commonwealth v. Taylor*, 933 A.2d 1035, 1039 (Pa. Super. 2007) (stating, "[t]he PCRA specifically provides that a petitioner raising one of the

---

[2] We observe that the 30th day fell on Saturday, February 12, 2005. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely *allocatur* petition was Monday, February 14, 2005.

statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception[]") (citation omitted), *appeal denied*, 951 A.2d 1163 (Pa. 2008). We note Appellant's brief cites to the United States Supreme Court's decision in **Martinez v. Ryan**, 132 S. Ct. 1309 (2012).[3] Appellant's Brief at 12, 16, 20, 28. To the extent this could be construed as seeking a time-bar exception, this Court has held that **Martinez** does not create such an exception. **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, **Saunders v. Pennsylvania**, 134 S. Ct. 944 (2014).

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's March 5, 2013 order is affirmed.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a concurring statement.

---

[3] In the PCRA court, Appellant couched **Martinez** as a time-bar exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), but does not do so on appeal. Appellant's Amended PCRA Petition, 5/19/12, at 7-8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2014</u>