J-S62033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM DAVID PRICE | |
| Appellant | No. 613 WDA 2015 |

Appeal from the Order April 2, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000761-2002

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 02, 2015**

Appellant, William David Price, appeals *pro se* from the order entered in the Fayette County Court of Common Pleas, that dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 8, 2003, a jury convicted Appellant of indecent assault, aggravated indecent assault, incest, rape (victim less than thirteen years old), and corruption of minors, in connection with Appellant's sexual abuse of his daughter for many years.  Victim became pregnant numerous times as a result of the abuse and underwent several abortions.  DNA testing from tissues of the fetus preserved from Victim's first abortion confirmed Appellant was the biological father of the fetus.  On November 10, 2003, the court sentenced Appellant to an aggregate term of 11½-30 years'

_____

*Retired Senior Judge assigned to the Superior Court.

imprisonment. On May 9, 2005, this Court affirmed the judgment of sentence. ***See Commonwealth v. Price***, 880 A.2d 11 (Pa.Super. 2005). Appellant did not pursue further direct review. On February 21, 2006, Appellant timely filed his first PCRA petition. The court held a PCRA hearing on January 4, 2007, and subsequently denied relief. On March 11, 2015, Appellant filed *pro se* the current serial PCRA petition. The court issued appropriate notice per Pa.R.Crim.P. 907 on March 19, 2015; Appellant responded on April 1, 2015. On April 2, 2015, the court denied relief. Appellant timely filed a *pro se* notice of appeal on April 15, 2015. No Pa.R.A.P. 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception **must** file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (b)(2). Instantly, Appellant's judgment of sentence became final on June 8, 2005, upon expiration of the time to file a petition for

allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113. Appellant filed the current petition on March 11, 2015, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). The majority of Appellant's claims allege ineffective assistance of counsel, which does not satisfy any exception to the PCRA's time-bar. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 735 A.2d 780 (2000) (explaining generic claims of ineffective assistance of counsel do not save otherwise untimely PCRA petition). Appellant also contends the laboratories which performed DNA testing in this case were not approved or certified to perform DNA analysis. To the extent this claim purports to raise the "new facts" timeliness exception at Section 9545(b)(1)(ii), Appellant failed to comply with the 60-day rule.[1] **See** 42 Pa.C.S.A. § 9545(b)(2). Moreover, Appellant already litigated this claim in a previous PCRA petition he filed on August 14, 2013.[2] **See** 42 Pa.C.S.A. § 9543(a)(3). Thus, the PCRA court properly dismissed the current petition as untimely. Accordingly, we affirm.

Order affirmed.

---

[1] Appellant stated in his response to Rule 907 notice that he discovered problems regarding certification/approval of the laboratories in 2011.

[2] Appellant also mentions **Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), filed on March 20, 2012. Appellant did not file his current petition within 60 days of this decision. Further, **Martinez** affords Appellant no relief. **See Commonwealth v. Saunders**, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 72 A.3d 603 (2013) (explaining **Martinez** applies in context of federal *habeas corpus* law and is of no moment to timeliness analysis under PCRA).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2015