J-S76014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON BIRDWELL III | |
| Appellant | No. 1059 EDA 2016 |

Appeal from the PCRA Order entered March 15, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at Nos: CP-39-CR-0001070-1995;
CP-39-CR-0002580-1995

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 19, 2017**

Appellant, Nelson Birdwell III, appeals from the order the Court of Common Pleas of Lehigh County entered March 15, 2016, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

We adequately summarized the underlying facts in our Memorandum issued in connection with Appellant's direct appeal.  ***See Commonwealth v. Birdwell***, No. 2918 Philadelphia 1996 (Pa. Super. filed October 22, 1999).  Thus, we need not repeat them here again.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] We also note that the underlying facts are undisputed, including the age of Appellant at the time of the crimes.  He was 18 years old.  **See** Appellant's Brief at 7.

The procedural history can be summarized as follows. Following a jury trial, Appellant was found guilty of first degree murder, criminal conspiracy, and hindering apprehension. On direct appeal, this Court affirmed the judgment of sentence. *Id.* Appellant's subsequent petition for allowance of appeal to the Pennsylvania Supreme Court was denied on April 27, 2000. *See Commonwealth v. Birdwell*, 758 A.2d 659 (Pa. 2000).

On April 23, 2001, Appellant filed a timely *pro se* PCRA petition, which the PCRA court denied on October 7, 2003. On appeal, this Court affirmed. *Commonwealth v. Birdwell*, No. 3401 EDA 2003 (Pa. Super. filed December 28, 2004). The Supreme Court denied Appellant's petition for allowance of appeal on May 3, 2006. *See Commonwealth v. Birdwell*, 898 A.2d 1068 (Pa. 2006). On May 25, 2012, Appellant filed the instant PCRA petition, which the PCRA court dismissed on March 15, 2016. This appeal followed.

On appeal, Appellant argues the PCRA court erred in dismissing the instant PCRA petition as untimely. Additionally, on the merits, Appellant raises several claims of ineffective assistance of counsel.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to

- 2 -

timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

Appellant acknowledges that the instant PCRA petition is facially untimely.[2] However, he alleges that his petition is rendered timely under

---

[2] Appellant's judgment of sentence became final after the Supreme Court denied allowance of appeal on April 27, 2000, and the time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13 (petition for
*(Footnote Continued Next Page)*

*Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Miller v. Alabama*, 132 S.Ct. 2455 (2012). We disagree.

In *Commonwealth v. Saunders*, 60 A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, *Saunders v. Pennsylvania*, 134 S.Ct. 944 (2014), this Court explained:

> *Martinez* recognizes that for purposes of federal habeas corpus relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." *Martinez, supra* at 1315. While *Martinez* represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.

*Id.* at 165. Accordingly, we affirmed the dismissal of the appellant's PCRA petition, finding "the trial court correctly held that Saunders failed to establish any of the exceptions to the PCRA's requirement that all petitions be filed within one year of the date a petitioner's judgment of sentence became final." *Id.* Thus, to the extent Appellant claims a timeliness exception based on *Martinez*, no such exception is available. *See Saunders*, *supra*.

---

*(Footnote Continued)*

writ of *certiorari* is deemed timely when filed within 90 days after discretionary review is denied by the Pennsylvania Supreme Court). Thus, in order to satisfy the PCRA timeliness requirement, Appellant was required to file his PCRA petition within one year from July 26, 2000. Because the instant petition was filed on May 25, 2012, clearly more than one year from the date his judgment became final, the petition is facially untimely.

Appellant also argues that *Miller* is relevant to the issue of timeliness of his PCRA petition. Even if *Miller* makes his petition timely, Appellant has no claim under *Miller*. *Miller* held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 132 S.Ct. at 2460 (emphasis added). As noted above, Appellant was 18 years old at the time of the underlying crimes. Accordingly, Appellant has no claim under *Miller*.

In light of the foregoing, we conclude that Appellant's PCRA petition is untimely and that Appellant failed to plead and prove any exception to save it from the PCRA time-bar. Accordingly, we will not review the merits of Appellant's contentions because we have no jurisdiction to entertain an untimely PCRA petition. *See Chester*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

- 5 -