J-S14009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
        Appellee   :
  :
        v.   :
  :
DENTON DOUGLAS UTZ   :
  :
        Appellant   :   No. 1651 MDA 2016

Appeal from the PCRA Order October 6, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002429-1996

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:           **FILED MARCH 28, 2017**

Appellant, Denton Douglas Utz, appeals *pro se* from the order entered in the York County Court of Common Pleas, which dismissed his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On January 24, 1997, a jury convicted Appellant of three counts each of involuntary deviate sexual intercourse ("IDSI"), indecent assault, and corruption of minors. The court sentenced Appellant on February 26, 1997, to an aggregate term of 18-36 years' imprisonment. This Court affirmed the judgment of sentence on May 28, 1998. Appellant sought no further review. Instead, on September 11, 1998, Appellant timely filed a *pro se* first PCRA petition; the PCRA court appointed counsel. Following a hearing, the PCRA court denied Appellant's petition on March 17,

_____

*Retired Senior Judge assigned to the Superior Court.

1999.  This Court affirmed on August 7, 2000, and our Supreme Court denied allowance of appeal on February 20, 2001.  In 2013, Appellant unsuccessfully litigated a second PCRA petition.  Appellant filed *pro se* his third and current PCRA petition on July 12, 2016.  On September 21, 2016, the PCRA court issued Pa.R.Crim.P. 907 notice.  Appellant prematurely filed a notice of appeal on October 4, 2016.[1]  On October 6, 2016, the PCRA court denied relief and ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions of the PCRA allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(1-

_____

[1] Appellant's notice of appeal relates forward to October 6, 2016, the date the PCRA court denied PCRA relief.  **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on date of entry).  Hence, no appellate jurisdictional defects impede our review.

2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on Monday, June 29, 1998, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113. Appellant filed his current PCRA petition on July 12, 2016, over 18 years later, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar, relying on *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), to support a claim of ineffective assistance of counsel. Appellant, however, did not file his current petition within 60 days of that decision. 42 Pa.C.S.A. § 9545(b)(2). Additionally, *Martinez* applies only in the context of federal *habeas corpus* law and is irrelevant to a PCRA timeliness analysis. *See Commonwealth v. Saunders*, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, 621 Pa. 657, 72 A.3d 603 (2013). Therefore, Appellant's PCRA petition remains untimely, and the PCRA court lacked jurisdiction to review it. *See Turner, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017