J-S38005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON I. BROWN | : | |
| | : | |
| Appellant | : | No. 3008 EDA 2016 |

Appeal from the PCRA Order August 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1011511-1979

BEFORE: GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JUNE 14, 2017**

Appellant, Aaron I. Brown, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On March 14, 1980, a jury convicted Appellant of first-degree murder and two counts of possessing instruments of crime ("PIC"). The court sentenced Appellant on June 30, 1980, to life imprisonment for the murder conviction and imposed additional terms of imprisonment for the PIC convictions. Appellant took a direct appeal to our Supreme Court in accordance with the rules in effect at that time, and the Court affirmed Appellant's judgment of sentence on July 1, 1983. **See Commonwealth v. Brown**, 501 Pa. 391, 461 A.2d 793 (1983). Since then, Appellant filed four prior petitions for collateral relief, one of

_____

*Former Justice specially assigned to the Superior Court.

which he withdrew, and three of which were ultimately unsuccessful.

On August 14, 2012, Appellant filed the current, serial *pro se* PCRA petition. Appellant filed a supplemental PCRA petition on May 1, 2015. The court issued notice of intent to dismiss per Pa.R.Crim.P. 907, on August 1, 2016; Appellant responded on August 5, 2016. On August 30, 2016, the court dismissed Appellant's PCRA petition as untimely. Appellant timely filed a *pro se* notice of appeal on September 7, 2016. The court did not order, and Appellant did not file, a concise statement per Pa.R.A.P. 1925(b).

Preliminarily, to be eligible for relief under the PCRA, a petitioner must plead and prove "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Additionally, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on August 30, 1983, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. ***See*** U.S.Sup.Ct.R. 20 (effective June 30, 1980 until July 31, 1984; providing 60 days to file petition for writ of *certiorari* with U.S. Supreme Court). Appellant filed the current PCRA petition on August 14, 2012, which is patently untimely.[1] ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "governmental interference" exception to the statutory time-bar per Section 9545(b)(1)(i), claiming prior PCRA counsel was ineffective. Specifically, Appellant insists he filed his third PCRA petition on August 21, 1996, and counsel withdrew that petition on June 17, 1997, without notifying Appellant. Nevertheless, Appellant already litigated this claim, unsuccessfully, in his fourth PCRA petition.[2] ***See Commonwealth v. Brown***, 927 A.2d 648 (Pa.Super. 2007), *appeal denied*, 594 Pa. 694, 934 A.2d 1275 (2007). ***See also*** 42 Pa.C.S.A.

---

[1] The 1995 amendments to the PCRA permitted a petitioner's whose judgment became final on or before the effective date of the amendments (January 16, 1996), to file a **first** PCRA petition within one year of the effective date of the amendments, which would be considered timely. ***See*** Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1). Appellant's most recent prayer for relief was neither his first PCRA petition nor was it filed within one year of January 16, 1996.

[2] Appellant also contends African Americans were systematically excluded from his jury. Appellant raised this claim, unsuccessfully, in his fourth PCRA petition as well.

§ 9543(a)(3). Additionally, Appellant's claims of PCRA counsel's ineffectiveness do not meet the "governmental interference" exception to the PCRA time-bar. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000) (explaining claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify for "governmental interference" exception to PCRA time-bar, as term "government officials" does not include defense counsel).[3] Therefore, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

---

[3] To the extent Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), relying on *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), that decision affords him no relief. *See Commonwealth v. Saunders*, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, 621 Pa. 657, 72 A.3d 603 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 944, 187 L.Ed.2d 811 (2014) (explaining *Martinez* recognizes that for purposes of federal *habeas corpus* relief, inadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of claim of ineffective assistance of trial counsel; while *Martinez* represents significant development in federal *habeas corpus* law, it is of no moment with respect to PCRA time-bar).