J-S41040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LESTER EILAND | : | |
| | : | |
| Appellant | : | No. 2077 MDA 2016 |

Appeal from the PCRA Order November 29, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002630-2000

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JUNE 19, 2017**

Appellant, Lester Eiland, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On August 10, 2001, a jury convicted Appellant of second-degree murder, robbery, and conspiracy. The trial court sentenced Appellant on September 20, 2001, to life imprisonment for the murder conviction and consecutive terms of imprisonment for the other offenses. On September 22, 2003, this Court affirmed the convictions but vacated and remanded for resentencing because the court improperly imposed a sentence for robbery, which was the predicate offense for the felony murder conviction. Appellant subsequently filed a petition for allowance of appeal, which the Supreme Court denied on June 29, 2004. ***See Commonwealth***

_____

*Retired Senior Judge assigned to the Superior Court.

*v. Eiland*, 839 A.2d 1152 (Pa.Super. 2003), *appeal denied*, 578 Pa. 705, 853 A.2d 359 (2004). On August 5, 2004, the trial court resentenced Appellant to life imprisonment for the murder conviction with a consecutive sentence for conspiracy. The robbery conviction merged with felony murder for sentencing purposes. Appellant did not seek further direct review. Since then, Appellant has filed multiple prior petitions for collateral relief, all of which were ultimately unsuccessful.

On November 23, 2015, Appellant filed the current, serial *pro se* PCRA petition. Appellant filed an application for "speedy disposition" on July 20, 2016. The court dismissed Appellant's PCRA petition as untimely on November 29, 2016.[1] Appellant timely filed a *pro se* notice of appeal on December 12, 2016. On December 14, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant timely filed his statement on December 30, 2016.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within

---

[1] The record does not contain an order issuing appropriate notice per Pa.R.Crim.P. 907 before the court denied PCRA relief. Appellant has not raised this issue on appeal, so he waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (explaining failure to challenge lack of Rule 907 notice results in waiver of claim on appeal). Moreover, the court's oversight regarding Rule 907 notice is not reversible error, where the PCRA petition is untimely. *Id.*

one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the court resentenced Appellant on August 5, 2004. The judgment of sentence became final thirty days later, on September 4, 2004, upon expiration of the time for filing a direct appeal with the Superior Court. *See* Pa.R.A.P. 903 (providing 30 days to file notice of appeal from judgment of sentence with Superior Court). Appellant filed the current serial PCRA petition on November 23, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), citing *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (holding inadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of claim of ineffective assistance of trial counsel, for purposes of federal *habeas corpus* relief). Specifically, Appellant claims prior privately-

retained PCRA counsel was ineffective in litigating Appellant's first PCRA petition. Nevertheless, **Martinez** affords Appellant no relief. **See Commonwealth v. Saunders**, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, 621 Pa. 657, 72 A.3d 603 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 944, 187 L.Ed.2d 811 (2014) (explaining that **Martinez** represents significant development in federal *habeas corpus* law, but it is of no moment with respect to PCRA time-bar). Thus, the court properly dismissed the petition.[2]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2017

---

[2] Given our decision to affirm, we deny the Commonwealth's request to quash the appeal because Appellant did not file a reproduced record.