J-S29015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES JONES | : | |
| | : | |
| Appellant | : | No. 2570 EDA 2017 |

Appeal from the PCRA Order July 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907751-1993

BEFORE: PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J. **FILED SEPTEMBER 21, 2018**

James Jones appeals, *pro se*, from the order dismissing his petition for writ of *habeas corpus* as an untimely Post Conviction Relief Act ("PCRA") petition. Jones argues his sentence of life imprisonment without parole was illegal. We conclude the court properly treated Jones's petition as a PCRA petition. Additionally, the court properly found no exception to the PCRA's time-bar applied. We therefore affirm.

A jury found Jones guilty of killing Francis Hamilton and shooting Charles Hamilton while trying to rob the brothers. The court subsequently sentenced Jones to life in prison, plus four to eight years. This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied

_____

* Former Justice specially assigned to the Superior Court.

allowance of appeal on February 23, 1998. Jones did not file for writ of *certiorari* with Supreme Court of the United States.

Jones filed his first PCRA petition in 1999, and the PCRA court dismissed it. In 2009, he filed his second PCRA petition. The PCRA court dismissed Jones's second PCRA petition as untimely. This Court affirmed, observing that the petition was facially untimely, and that Jones had failed to establish an exception to the PCRA's time-bar. **See Commonwealth v. Jones**, No. 1438 EDA 2012, at 6-7 (Pa. Super., filed February 19, 2013) (unpublished memorandum).

This appeal arises from Jones's most recent collateral petition, which he filed on September 29, 2014. Jones presented eight issues in his *pro se* petition, each one requesting that his sentence be vacated and/or reduced. He asserted his claims were not cognizable under the PCRA, and thus not subject to the PCRA's time bar provisions. In the alternative, he argued that **Miller v. Alabama**, 567 U.S. 460 (2012) (holding mandatory life without parole sentences imposed on juveniles are unconstitutional), **Montgomery v. Louisiana**, 136 S.Ct. 718 (2015) (determining **Miller** applies retroactively during collateral proceedings), and **Alleyne v. United States** 133 S.Ct. 2151 (2013) (holding disputed facts that support the imposition of a mandatory minimum sentence must be submitted to a jury for determination), constitute newly recognized rights sufficient to qualify for an exception to the PCRA's time bar.

The argument section of Jones's brief on appeal verges on incoherent. To the best of our ability to decipher his claims, we recognize Jones seeks to raise the same eight arguments before this Court. To the extent Jones sought to raise any issue not addressed here, we conclude such issue is waived for failure to coherently raise it on appeal.

First, Jones contends the court improperly treated his petition as a PCRA petition. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). It is well settled that the PCRA subsumes the remedy of *habeas corpus* when the PCRA offers a remedy. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). And the PCRA offers a remedy to prisoners who claim they are serving an illegal sentence. **See Commonwealth v. Burkett**, 5 A.3d 1260, 1275 (Pa. Super. 2010). As all of Jones's substantive claims seek the elimination or reduction of his sentence, the court properly treated his petition as a PCRA petition.

Next, Jones arguably claims that he has established an exception to the PCRA's time bar.[1] Jones contends he is entitled to relief under the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii).

---

[1] To the best we can parse Jones's brief, we can find no passage that even arguably claims his petition was facially timely under the PCRA.

With respect to his claims pursuant to **Miller** and **Montgomery**, we note those decisions are explicitly limited to juvenile defendants. **See Miller**, 567 U.S. at 465; **Montgomery**, 136 S.Ct. at 736. A petitioner who was not a juvenile at the time of his crime may not invoke these cases to establish an exception to the PCRA's time-bar. **See Commonwealth v. Woods**, 179 A.3d 37, 44 (Pa. Super. 2017); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016).

The criminal information filed against Jones in 1993 indicated his birth date was May 9, 1967. The information further identified the date of the murder of Francis Hamilton as July 22, 1993. Thus, Jones was 25 years old when he committed these crimes. He cannot gain relief from **Miller** and **Montgomery**.

With respect to his claim under **Alleyne**, our Supreme Court has held that "**Alleyne** does not apply retroactively to cases pending on collateral review…." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Jones's sentence became final in 1998, **see Jones**, **supra**, at 5, while **Alleyne** was published in 2013.

Furthermore, the record belies Jones's contention that he received a mandatory minimum sentence based upon facts not presented to the jury. He received a sentence of life imprisonment without the possibility of parole based upon the jury's verdict that he committed first-degree murder. This sentence was a mandatory minimum sentence, but it did not require any judicial fact-

finding. As such, even if we addressed Jones's claim on the merits, he would be due no relief.

Finally, Jones contends he is entitled to relief under **Martinez v. Ryan**, 566 U.S. 1 (2012). In **Martinez**, the Supreme Court of the United States recognized that "*for purposes of federal habeas corpus relief*, inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013) (emphasis supplied; citation and internal quotation marks omitted). **Martinez** is therefore "of no moment with respect to the way Pennsylvania courts apply the plain language" of the PCRA's time bar. **Id**. Jones is due no relief under **Martinez**.

In summary, the PCRA court properly treated Jones's petition as a PCRA petition. And it correctly determined Jones's petition was untimely under the PCRA. We therefore affirm the order dismissing Jones's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/18