J-A18013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN SHAKUUR | |
| Appellant | No. 1510 EDA 2017 |

Appeal from the PCRA Order entered April 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0806391-2000

BEFORE:  STABILE, J., STEVENS, P.J.E.,* and STRASSBURGER, J.**

MEMORANDUM BY STABILE, J.:             **FILED NOVEMBER 13, 2018**

Appellant, Steven A. Shakuur, *pro se* appeals from the April 10, 2017 order of the Court of Common Pleas of Philadelphia County dismissing as untimely his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The factual and procedural background are not at issue here.  Briefly, as summarized by the PCRA court, on April 16, 2002, a jury found Appellant guilty of first degree murder and related crimes.  On June 27, 2002, Appellant was sentenced to life imprisonment on the murder charge.  Appellant did not file a direct appeal.

---

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

On February 26, 2008, Appellant filed his first PCRA petition, which the PCRA court denied on August 19, 2009. Appellant did not file an appeal.

On August 23, 2012, Appellant filed the instant *pro se* petition, as amended on January 13, 2016, which the PCRA court dismissed as untimely on April 10, 2017. This appeal followed.

Appellant raises two issues: (i) the PCRA court erred in not appointing counsel to assist him in connection with the instant PCRA petition,[1] and (ii)

_____

[1] Appellant phrased the heading of the first claim as a challenge to the PCRA court's dismissal of the instant PCRA petition as untimely. The argument section following the heading, however, provides no discussion regarding the timeliness of the underlying PCRA petition. Instead, Appellant argues that had the PCRA court appointed him counsel, counsel could have addressed the timeliness of the petition under the newly-discovered facts timeliness exception set forth in Section 42 Pa.C.S.A. 9545(b)(1)(ii). Appellant does not state what would be the newly discovered facts relevant for purposes of Section 9545(b)(1)(ii). To the extent that Appellant raises ineffective assistance of counsel as a newly-discovered fact, the claim is addressed in the main text.

In addition, we note that that Appellant was not entitled to counsel in connection with the instant, his second, PCRA petition. Our Supreme Court has held that

> the right to counsel in a second or subsequent PCRA petition is not co-extensive with the right to counsel in a first PCRA petition. While Pa.R.Crim.P. 904(A) provides for the appointment of counsel in a first PCRA petition when the petitioner satisfies the judge that he is unable to afford or otherwise obtain counsel, Pa.R.Crim.P. 904(B) provides for the appointment of counsel in a second or subsequent PCRA petition only in cases where the petitioner can further establish that an evidentiary hearing is required.

- 2 -

trial counsel was ineffective for not filing a direct appeal.  We cannot entertain these claims because the underlying PCRA petition is untimely and Appellant failed to plead and prove that he met any of the exceptions to the PCRA time limitations.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

"The PCRA's time restrictions are jurisdictional in nature.  Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted).  As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether

---

*Commonwealth v. Haag*, 809 A.2d 271, 293 (Pa. 2002) (footnote omitted). Here, Appellant failed to establish that an evidentiary hearing was required. Indeed, Appellant failed to establish the timeliness of the underlying PCRA petition.  *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (PCRA court did not err in not holding a hearing on an untimely PCRA petition).

this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Appellant addresses, to some extent, the timeliness of his underlying petition in connection with his second claim. Specifically, Appellant argues that PCRA counsel was ineffective for not filing a direct appeal, and that he did not know he could have obtained relief under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

To the extent Appellant "attempt[s] to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction," such attempts are unconvincing. *Commonwealth v. Gamboa-Taylor*, 754 A.2d 780, 785 (Pa. 2000). "[W]e have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013); *see also Gamboa-Taylor*, *supra* ("Fact" that current counsel discovered that prior PCRA counsel had failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence qualifying for exception to PCRA time limitations); *Commonwealth v. Pursell*, 749 A.2d 911, 915 (Pa. 2000) (holding that claims of PCRA counsel's ineffectiveness do not escape the PCRA one-year time limitation merely because they are presented in terms of

current counsel's discovery of the "fact" that a previous attorney was ineffective).[2]

Regarding **Martinez**, in **Commonwealth v. Saunders**, 60 A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, **Saunders v. Pennsylvania**, 134 S.Ct. 944 (2014), this Court explained:

> **Martinez** recognizes that for <u>purposes of federal habeas corpus</u> relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." **Martinez, supra** at 1315. While **Martinez** represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in [] the PCRA.

**Id.** at 165 (emphasis added). Accordingly, we affirmed the dismissal of the appellant's PCRA petition, finding "the trial court correctly held that Saunders failed to establish any of the exceptions to the PCRA's requirement that all petitions be filed within one year of the date a petitioner's judgment of sentence became final." **Id.** Similarly, here, to the extent Appellant claims a timeliness exception based on **Martinez**, no such exception is available. **See Saunders**, **supra**.

---

[2] Even if the newly-discovered facts exception were available, Appellant had been aware of counsel's failure to file a direct appeal as of February 26, 2008. On that date, Appellant filed his first petition claiming, among other things, that "my attorney of record failed to file an appeal on my behalf as I requested him to do." Appellant's First PCRA Petition, 2/26/08, at 3. Thus, trial counsel's ineffective assistance was not unknown to Appellant. Therefore, the newly-discovered facts exception, even if it were applicable, would not entitle Appellant to relief. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).

In light of the foregoing, we conclude that the PCRA court did not err in dismissing the underlying petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/18