J-S08045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE D. PRZYBYSZEWSKI, JR. | : | |
| | : | |
| Appellant | : | No. 245 EDA 2018 |

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0300701-1985

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 04, 2019**

Appellant, Theodore D. Przybyszewski, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

The PCRA court aptly summarizes the relevant procedural history of this case as follows:

> Theodore Przybyszewski [hereinafter "Appellant"] was arrested and subsequently charged in connection with the stabbing death of Paul Puzycki on December 30, 1982, in the city and county of Philadelphia.  On September 9, 1987, before the Honorable George J. Ivins, Appellant pled guilty to first-degree murder and possession of an instrument of crime.  On that same date, the trial court sentenced Appellant to a mandatory term of life imprisonment without parole for the first-degree murder bill and a concurrent term of one to two years' of state incarceration on the possession of an instrument of crime bill.  Appellant's direct appeal was dismissed by the Superior Court on February 11, 1988, due to counsel's failure to file a brief.

_____

*   Former Justice specially assigned to the Superior Court.

On October 19, 1988, Appellant filed his first pro se PCRA petition. Counsel was appointed and subsequently filed a **Turner**/**Finley** no-merit letter.[2] The PCRA court formally dismissed the petition on October 10, 1991. The Superior Court affirmed the PCRA court's dismissal on August 13, 1992.[3] The Supreme Court of Pennsylvania denied allocator on April 15, 1993.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] **Commonwealth v. Przybyszewski**, 3318 Phila. 1991 (Pa. Super. 1988).

---

Appellant subsequently filed five additional PCRA Petitions between the time his first PCRA Petition was dismissed and the filing of the present PCRA Petition. Each of these serial PCRA petitions [was] dismissed as untimely without an evidentiary hearing.

On June 21, 2017, Appellant filed the instant *pro se* PCRA petition, his seventh. Appellant also submitted numerous supplemental filings which were reviewed jointly with his 2017 petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Appellant was served notice of the PCRA court's intention to dismiss his petition on July 24, 2017. Appellant submitted responses to the Rule 907 notice on August 10, 2017 and August 14, 2017. On December 13, 2017, the PCRA court dismissed his PCRA petition as untimely. On January 4, 2018, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, filed 4/2/18, at 1-2.

In Appellant's brief, he raises a host of ineffective assistance of counsel claims, **see** brief, at 1-2, and what appears to be a jurisdictional claim not raised previously with the PCRA court, **see** brief at 3. Before we address the merits of Appellant's ineffectiveness claims, we must determine if the PCRA court had jurisdiction over the PCRA petition in question.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition." **Commonwealth v. Laird**, --- A.3d ----, ----, 2018 PA Super 343, 2018 WL 6597352 *1 (filed December 17, 2018) (citing **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007)). In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003).

The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Appellant attempts to bring the present petition within the jurisdiction of this Court by invoking a 2017 United States Supreme Court decision, ***McWilliams v. Dunn***, 137 S.Ct. 1790 (filed June 19, 2017) (relating to appointment of expert witness where indigent defendant requires assistance to prepare effective defense based on his mental condition and sanity at time of offense is seriously in question) as a Section 9545(b)(1)(iii) exception to the PCRA time-bar that would otherwise apply against him. Our careful review of the record, however, shows that Appellant never so much as mentioned ***McWilliams*** in any of his filings below, let alone attempted to allege and prove that ***McWilliams*** involved a constitutional right that applied retroactively in

the present context.[1]  Appellant's jurisdictional argument before us, therefore, is waived. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

Accordingly, we discern no error with the PCRA court's conclusion that Appellant failed to plead and prove any of the timeliness exceptions provided

---

[1] Instead, as noted by the PCRA court, Appellant centered his jurisdictional argument on federal jurisprudence recognizing federal habeas corpus relief may be required where ineffective assistance of counsel during initial-review collateral proceedings caused a prisoner's procedural default of a claim of ineffective assistance of trial counsel.  **See Martinez v. Ryan**, 132 S.Ct. 1309 (2012); **Bey v. Superintendent Greene SCI**, 856 F.3d 230 (2017) (applying **Martinez** to allow for merits review of a procedurally defaulted federal habeas claim).  Regarding the attempt to apply **Martinez** to the PCRA, however, this Court has explained:

> **Martinez** recognizes that for <u>purposes of federal habeas corpus</u> relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." **Martinez, supra** at 1315.  While **Martinez** represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in [ ] the PCRA.

**Commonwealth v. Saunders**, 60 A.3d 162 (Pa. Super. 2013).  Accordingly, in **Saunders**, we affirmed the dismissal of the appellant's PCRA petition for untimeliness, finding ""the trial court correctly held that Saunders failed to establish any of the exceptions to the PCRA's requirement that all petitions be filed within one year of the date a petitioner's judgment of sentence became final." **Id.**

Similarly, here, to the extent Appellant claimed a timeliness exception based on **Martinez**, the PCRA court appropriately concluded that no such exception is available under the relevant statutory scheme.  In any event, Appellant has effectively abandoned this claim in the present appeal to this Court.

in Section 9545(b)(1). We, thus, affirm the denial of PCRA relief and the dismissal of Appellant's petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/19