J. S31042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LESTER EILAND, | : | No. 286 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered January 15, 2020,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0002630-2000

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 25, 2020**

Lester Eiland appeals **pro se** from the January 15, 2020 order, entered in the Court of Common Pleas of Dauphin County, dismissing his most recent petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This court has set forth the procedural history of this case as follows:

> On August 10, 2001, a jury convicted [a]ppellant of second-degree murder, robbery, and conspiracy.  The trial court sentenced [a]ppellant on September 20, 2001, to life imprisonment for the murder conviction and consecutive terms of imprisonment for the other offenses.  On September 22, 2003, this [c]ourt affirmed the convictions but vacated and remanded for resentencing because the court improperly imposed a sentence for robbery, which was the predicate offense for the felony murder conviction. Appellant subsequently filed a petition for allowance of appeal, which the Supreme Court denied on June 29, 2004.  **See Commonwealth v. Eiland**, 839

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

A.2d 1152 (Pa.Super. 2003), ***appeal denied***, 578 Pa. 705, 853 A.2d 359 (2004). On August 5, 2004, the trial court resentenced [a]ppellant to life imprisonment for the murder conviction with a consecutive sentence for conspiracy. The robbery conviction merged with felony murder for sentencing purposes. Appellant did not seek further direct review. Since then, [a]ppellant has filed multiple prior petitions for collateral relief, all of which were ultimately unsuccessful.

On November 23, 2015, [a]ppellant filed . . . [a] serial ***pro se*** PCRA petition. . . . The court dismissed [a]ppellant's PCRA petition as untimely on November 29, 2016. Appellant timely filed a ***pro se*** notice of appeal on December 12, 2016. On December 14, 2016, the court ordered [a]ppellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant timely filed his statement on December 30, 2016.

***Commonwealth v. Eiland***, 2017 WL 2628241 at *1 (Pa.Super. filed June 19, 2017) (unpublished judgment order) (dismissing appellant's 2015 PCRA petition as untimely).

Appellant's current PCRA petition was filed on December 27, 2019, and dismissed by the PCRA court on January 15, 2020.[2] Appellant timely

---

[2] Here, the record does not contain an order issuing the appropriate notice, pursuant to Pa.R.Crim.P. 907, before the court denied PCRA relief. This court previously addressed this matter in ***Eiland***, ***supra***, wherein we noted:

Appellant has not raised this issue on appeal, so he waived any defect in notice. ***See Commonwealth Taylor***, 65 A.3d 462[, 468] (Pa.Super. 2013) (explaining failure to challenge lack of Rule 907 notice results in waiver of claim on appeal)[, ***affirmed***, 131 A.3d 102 (Pa.Super. 2015)]. Moreover, the court's oversight regarding Rule 907 notice is not

appealed. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal and appellant timely complied. Thereafter, the PCRA court issued a Rule 1925(a)(1) opinion.[3]

Appellant raises the following issues on appeal.

> 1. Did the PCRA court err as a matter of law when the court dismissed the PCRA petition as untimely?
>
> 2. Is prejudice presumed where appellant privately retained counsel for the sole purpose of filing a timely PCRA petition and said counsel's petition was quashed for failure to conform to the Pennsylvania Rules of Criminal Procedure?
>
> 3. Should appellant's PCRA rights be reinstated where his state and federal collateral appeal rights were deemed time barred based [on] privately retained counsel's failure to conform to the Pennsylvania Rules of Criminal Procedure?

Appellant's brief at 4 (full capitalization omitted).

Appellant's issues address the timeliness of his current PCRA petition, and the ineffective assistance of counsel on his first PCRA petition, which resulted in dismissal of the petition. (**See** appellant's brief at 8-11.)

---

> [automatically] reversible error, where the PCRA petition is untimely.

**Id.** at *2 n.2.

[3] The PCRA court stated it would not be filing an "additional opinion" because the issues raised by appellant were adequately addressed in its order dismissing the instant PCRA petition. (**See** PCRA court Rule 1925(a) opinion, 2/27/20.)

The PCRA requires that petitions "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our supreme court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Ziegler***, 148 A.3d 849 (Pa.Super. 2016). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

Instantly, appellant was resentenced on August 5, 2004. The judgment of sentence became final 30 days later, on September 4, 2004, upon the expiration of the time for filing a direct appeal with this court. ***See*** Pa.R.A.P. 903 (providing 30 days to file notice of appeal from judgment of sentence with this court). Appellant filed the current PCRA petition on December 27, 2019, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has newly discovered facts upon which his PCRA claim is predicated, or when either our supreme court or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant has failed to allege facts which would prove the applicability of any of the time-bar exceptions. Accordingly, we do not have jurisdiction to consider the merits of appellant's petition.[4]

---

[4] Further, we note the issues raised by appellant were previously raised and addressed in this court's decision in **Eiland**, **supra**, as follows:

> Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), citing **Martinez v. Ryan**, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (holding inadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of claim of ineffective assistance of trial counsel, for purposes of federal **habeas corpus** relief). Specifically, Appellant claims prior privately-retained PCRA counsel was ineffective in litigating Appellant's first PCRA petition. Nevertheless, **Martinez** affords Appellant no relief.

J. S31042/20

Order affirmed.


Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020

---

> **See Commonwealth v. Saunders**, 60 A.3d 162
> (Pa.Super. 2013), **appeal denied**, 621 Pa. 657, 72
> A.3d 603 (2013), **cert. denied**, ___ U.S. ___, 134
> S.Ct. 944, 187 L.Ed.2d 811 (2014) (explaining that
> Martinez represents significant development in federal
> **habeas corpus** law, but it is of no moment with
> respect to PCRA time-bar).  Thus, the [PCRA] court
> properly dismissed the petition.

**Eiland**, 2017 WL 7628241 at *2. Therefore, appellant's issues are not cognizable for further collateral review. **See** 42 Pa.C.S.A. § 9544(a)(3).