J-S07030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :          PENNSYLVANIA
       :
     v.        :
       :
       :
DEMETRIUS BAILEY        :
       :
       Appellant   :   No. 842 WDA 2021

Appeal from the PCRA Order Entered July 8, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006409-1994,
CP-02-CR-0008102-1994

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
       :          PENNSYLVANIA
       :
     v.        :
       :
       :
DEMETRIUS BAILEY        :
       :
       Appellant   :   No. 843 WDA 2021

Appeal from the PCRA Order Entered July 8, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006409-1994,
CP-02-CR-0008102-1994

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:       **FILED: MAY 6, 2022**

Demetrius Bailey appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

In 1994, Bailey shot Michael Sayles in the head after unsuccessfully demanding money from him, and then took money from Sayles's pocket as he lay dead or dying. Following a consolidated trial, a jury convicted Bailey of second-degree-murder at docket 6409-1994, and robbery at docket 0008102-1994. The trial court sentenced Bailey to an aggregate mandatory term of life imprisonment. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. **See Commonwealth v. Bailey**, 673 A.2d 398 (Pa. Super. 1995) (unpublished memorandum); *appeal denied*, 675 A.2d 1241 (Pa. 1996). Since then, Bailey has filed a total of six unsuccessful PCRA petitions.

On August 28, 2020, Bailey filed the instant *pro se* PCRA petition, his seventh.[1] The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the untimely petition without a hearing on the basis that it lacked jurisdiction to address the claims raised therein. Bailey filed a *pro se* response in opposition to the notice. On July 8, 2020, the PCRA court entered an order

---

[1] The PCRA court initially determined that the instant petition is Bailey's seventh PCRA petition. **See** Pa.R.Crim.P. Notice, 6/8/21, at ¶ 1. However, the PCRA court later determined that the instant petition is Bailey's ninth petition. **See** Dismissal Order, 7/8/21, at 1. Our review of the record discloses that the petition before this Court is Bailey's seventh PCRA petition. **See Commonwealth v. Bailey**, 222 A.3d 815 (Pa. Super. 2019) (unpublished memorandum at *2) (concluding that Bailey's most recent PCRA petition was his sixth petition).

dismissing Bailey's petition. Bailey filed timely notices of appeal at each docket,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Bailey raises the following issues for our review:

1. Whether PCRA counsel failed to file Bailey's appellate brief in his first timely PCRA, should be reinstated *nunc pro tunc* [*sic*] . . ..

2. Whether **Martinez v. Ryan**, [566 U.S. 1 (2012),] is retroactive to "ineffectiveness – ti [*sic*]– trial - counsel claims due to procedural defaulted claims.

3. Whether the prosecutor's failure to disclose/turnover discovery materials violated **Brady** [**v. Maryland**, 373 U.S. 83 (1963)].

4. Whether Bailey is entitled to new trial base [*sic*] on newly discovered eyewitness evidence/after - discovered evidence in affidavits.

Bailey's Brief at unnumbered 4 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

_____

[2] This Court received two notices of appeal, one at each appeal docket. While each notice of appeal lists both trial court docket numbers, the notices differ in that each attaches the corresponding trial court docket. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (holding that so long as the appellant files separate notices of appeal at each trial court docket, the fact that the notices of appeal contain more than one trial court docket number is of no consequence); **see also** Pa.R.A.P. 341(a) (requiring the filing of separate notices of appeal at each docket when a single order resolves issues arising on more than one trial court docket); Pa.R.A.P. 105(a) (providing that the Rules of Appellate Procedure are to be liberally construed to effectuate justice). In our view, the attachment of separate trial court dockets to each notice of appeal rendered them "separate" for purposes of Rule 341(a). We therefore decline to quash the appeals.

[3] In *lieu* of authoring a Rule 1925(a) opinion, the PCRA court relied on the reasons for dismissal set forth in its Rule 907 notice.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition "***including a second or subsequent petition***, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the Supreme Court of the United States, and or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

This Court previously determined that Bailey's judgment of sentence became final on July 22, 1996,[4] ninety days after the Pennsylvania Supreme Court declined to grant his petition for allowance of appeal, and Bailey declined to petition the United States Supreme Court for a writ of *certiorari*. **See Commonwealth v. Bailey**, 984 A.2d 1006 (Pa. Super. 2009) (unpublished judgment order). The instant petition, filed on August 28, 2020, was filed more than twenty-four years after the judgment became final. Therefore, the instant petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." **Id**. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

---

[4] The PCRA court incorrectly determined that Bailey's judgment of sentence became final on December 20, 1995. **See** Pa.R.Crim.P. 907 Notice, 6/8/21, at ¶ 3.

In his first issue, Bailey claims that after this Court affirmed the dismissal of his first PCRA petition, his PCRA counsel was ineffective for failing to file a petition for allowance of appeal in the Pennsylvania Supreme Court. Bailey contends that the timeliness exception set forth in subsection 9545(b)(1)(ii), which permits review if the petitioner can prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[,]" applies to his ineffectiveness claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

Our review discloses that this Court affirmed the dismissal of Bailey's first PCRA petition on September 17, 1999. In the PCRA petition before this Court, Bailey failed to: (1) allege the date that he discovered that PCRA counsel failed to file a petition for allowance of appeal; (2) explain to the PCRA court why his ineffectiveness claim could not have been discovered twenty years earlier through the exercise of due diligence, given that the time to file a petition for allowance of appeal expired in 1999; and (3) allege that the instant petition was filed within one year of the date of his belated discovery. As Bailey failed to prove the applicability of subsection 9545(b)(1)(ii) to his ineffectiveness claim, the PCRA court properly determined that it lacked jurisdiction to address it.[5] Accordingly, Bailey's first issue merits no relief.

_____

[5] The PCRA court incorrectly analyzed Bailey's claim of PCRA counsel's ineffectiveness as a claim that direct appeal counsel failed to file a petition for allowance of appeal in our Supreme Court after this Court affirmed his

In his second issue, Bailey argues that the United States Supreme Court's decision in **Martinez**[6] created a newly-recognized constitutional right that applies retroactively to ineffectiveness claims on collateral review. Bailey contends that the timeliness exception set forth in subsection 9545(b)(1)(iii), which permits review if the petitioner can prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively[,]" applies to his claim of PCRA counsel's ineffectiveness. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).

The PCRA court considered Bailey's second issue and determined that, while **Martinez** represents a significant development in federal *habeas corpus* law, it did not create a newly-recognized constitutional right that would trigger the timeliness exception in subsection 9545(b)(1)(iii). **See** PCRA Court Opinion, 6/8/21, at ¶ 7.

---

judgment of sentence. However, as explained above, direct appeal counsel did, in fact, file a petition for allowance of appeal in relation to Bailey's judgment of sentence, which petition was denied by our Supreme Court on April 23, 1996.

[6] In **Martinez**, the United States Supreme Court recognized that for purposes of federal *habeas corpus* relief, inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. **See Martinez**, 566 U.S. at 9.

We discern no abuse of discretion by the PCRA court in reaching its determination regarding Bailey's second issue. The **Martinez** Court made clear that its holding was not a "constitutional ruling." **See Martinez**, 566 U.S. at 16. Moreover, this Court has ruled that **Martinez** "is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in . . . the PCRA." **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013). Thus, as Bailey failed to prove the applicability of subsection 9545(b)(1)(iii) to his ineffectiveness claim, the PCRA court was without jurisdiction to address it. Accordingly, Bailey's second issue merits no relief.

In his third issue, Bailey contends that the prosecutor in his 1994 trial failed to disclose certain discovery materials in violation of **Brady**.[7] Bailey contends that the timeliness exception set forth in subsection 9545(b)(1)(i), which permits review if the petitioner can prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[,]" applies to his **Brady** claim. **See** 42 Pa.C.S.A. § 9545(b)(1)(i).

---

[7] In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Brady**, 373 U.S. at 87.

The PCRA court considered Bailey's third issue and determined that Bailey failed to prove the applicability of the timeliness exception provided by subsection 9545(b)(1)(i). The PCRA court reasoned:

> [Bailey] again fails to state when and how he discovered the existence of this alleged ***Brady*** material, and he does not explain why this material could not have been obtained earlier with the exercise of due diligence, particularly since it appears that the material would have been the type to be subject to mandatory disclosure under the discovery rules. As such, he has failed to plead and prove the application of this timeliness exception as well.

PCRA Court Opinion, 6/8/21, at ¶ 8.

We discern no abuse of discretion by the PCRA court in reaching its determination regarding Bailey's third issue. Although a properly pleaded ***Brady*** claim may fall within the governmental interference exception, a petition invoking the exception must establish that the petitioner could not have known of the governmental interference earlier through the exercise of reasonable diligence, and that he filed his petition within one year of the date he discovered such interference. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i), (2); ***see also Commonwealth v. Williams***, 168 A.3d 97, 106 (Pa. 2017). In the instant petition, Bailey failed to set forth any indication as to when and how he discovered the ***Brady*** material that the Commonwealth allegedly withheld from him, nor any reasonable explanation as to why he could not have previously discovered an alleged ***Brady*** violation through the exercise of due diligence. Thus, as Bailey failed to prove the applicability of subsection

9545(b)(1)(i) to his **Brady** claim, the PCRA court was without jurisdiction to address it. Accordingly, Bailey's third issue merits no relief.

In his fourth issue, Bailey contends that he is entitled to a new trial based on newly discovered or after-discovered evidence. However, this issue was not raised in Bailey's PCRA petition. Thus, he did not preserve it for our review. **See** Pa.R.A.P. 302(a) (providing that issue not raised in the lower court are waived and may not be raised for the first time on appeal).

Finally, Bailey claims that the PCRA court should have authored an opinion pursuant to Pa.R.A.P. 1925(a), and asks this Court to remand for the PCRA court to prepare such an opinion.

Pursuant to Rule 1925(a), a lower court is required to author a separate opinion only "if the reasons for the order do not already appear of record." Pa.R.A.P. 1925(a). If the reasons for the lower court's rulings already appear of record, the court "shall specify in writing the place in the record where such reasons may be found." **Id**.

In the instant matter, the PCRA court specified in writing the place in the record where the reasons for the dismissal of Bailey's petition can be found, i.e., its Rule 907 notice of intent to dismiss. **See** Order, 9/15/21, at unnumbered 1-2. As the Rule 907 notice provides the reasons for the PCRA court's dismissal order, we decline to remand for an additional opinion.

In sum, we conclude that because Bailey failed to plead and prove the applicability of any timeliness exception in his PCRA petition, the PCRA court

properly determined that it lacked jurisdiction to consider the merits of any of his issues. ***See Taylor***, 65 A.3d at 468. Accordingly, we affirm the order dismissing Bailey's seventh PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2022